### KAUFMAN v. ALEXANDER ET AL.

#### (No. 3591.)

HUSBAND AND WIFE were competent witnesses for each other prior to adoption of the Revised Statutes.

JUDGMENT rendered after adjudication in bankruptcy precludes plaintiff from proving claim against bankrupt's estate.

APPEAL from Lee county. Opinion by WATTS, J.

OPINION.— This suit was brought by Mrs. Alexander to recover her separate property. Her husband was a formal party, having no interest in the subject-matter, and in permitting the husband to testify in behalf of the wife the court certainly erred, and for this the judgment must be reversed. 48 Tex., 516.

As a general rule, a deed cannot be attacked for fraud by a creditor whose claim originates after the execution of the deed, or who acquires the claim after notice of the conveyance. 51 Tex., 461. A conveyance from the husband to the wife is not an exception to this general rule. It is incumbent upon the party who attacks such a conveyance for fraud, to show that his claim originated before the deed was recorded. Alexander's discharge in bankruptcy, if properly pleaded, would be as effective against the judgment rendered after he was adjudged a bankrupt as it would have been against the claim upon which it was ren-

dered. It is not shown that this claim was among those excepted from the operation of the discharge. Because the judgment was rendered after the adjudication in bankruptcy did not preclude appellant from proving the claim against the bankrupt's estate. Bump on Bankruptcy (7th ed.), 508.

REVERSED AND REMANDED.